Jonathan M. Herman
State Bar No. 24052690
HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
jherman@herman-lawfirm.com

ATTORNEY FOR BLUE CROSS & BLUE SHIELD OF MISSISSIPPI

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLOBAL MOLECULAR LABS, LLC, | § | CASE NO. 17-34618-HDH-7 |
| | § | (JOINTLY ADMINISTERED) |
| DEBTOR. | § | |
| | § | |
| JAMES W. CUNNINGHAM, CHAPTER 7 TRUSTEE | § | |
| FOR GLOBAL MOLECULAR LABS, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADVERSARY NO. 19-03183-HDH |
| | § | |
| BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, | § | |
| A MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND .............................................................................................................. 1

III.    SUMMARY OF THE ARGUMENT ............................................................................ 2

IV.     LAW AND ARGUMENT ............................................................................................... 3

   A.   STANDARDS FOR MOTIONS TO DISMISS ............................................................ 3

   B.   THE TRUSTEE'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA. ...................... 5

   C.   PLAINTIFF'S CLAIMS ARE BARRED .......................................................................... 8

      *1. The Trustee lacks standing to sue under ERISA because he has not pled that GML
      obtained valid assignments of benefits. ................................................................... 9*

      *2. The anti-assignment provisions in the BCBSMS plans preclude the Trustee from having
      the requisite standing to pursue the ERISA claims. .............................................. 10*

      *3. Plaintiff's Allegations of Waiver Do Not Save Their Claims. ........................................ 13*

      *4. Should any claims survive the anti-assignment provisions, the Trustee should be required
      to allege whether the assignments contain non-benefit claims. ........................................... 14*

   D.   THE TRUSTEE'S "FULL AND FAIR REVIEW" CLAIMS ARE IMPROPER ................... 15

   E.   THE TRUSTEE LACKS STANDING TO PURSUE BAD FAITH/DECEPTIVE INSURANCE PRACTICES
   AND VIOLATION OF THE TEXAS PROMPT PAYMENT ACT. ........................................... 16

      *1. GML lacks standing to pursue claims under § 541 (Unfair Settlement Practices) and §
      542 (Prompt Pay). ...................................................................................................... 16*

      *2. The Trustee does not have a private right of action under § 542. ..................................... 18*

      *3. The Trustee does not have a right of action under the Prompt Payment Act. .................. 19*

V.      NO RIGHT TO JURY TRIAL .................................................................................. 21

VI.     CONCLUSION AND PRAYER FOR RELIEF ...................................................... 21

## **TABLE OF AUTHORITIES**

### **Cases**

*Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.,* 698 F.3d 229 (5th Cir. 2012)................12

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)...................7

*American Equipment Co., Inc. v. Turner Bros. Crane and Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720 (S.D. Tex. July 14, 2014) .............................................................................4

*American Orthopedic & Sports Medicine v. Independence Blue Cross Blue Shield*, 890 F.3d 445 (3rd Cir. 2018).......................................................................................................................18

*American Southern Ins. Co. v. Buckley*, 748 F.Supp.2d 610 (E.D. Tex. 2010)......................23, 26

*Apollo Medflight, LLC v. Bluecross Blueshield of Texas*, No. 2:18-CV-166-Z-BR, 2019 WL 4894263 (N.D. Tex. Oct. 4, 2019) (Amarillo Div.) ..................................................................25

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................................4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................4

*Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, 2011 WL 9879170 (W.D. Tex. Apr. 27, 2011)......................................................................................................................22, 23

*Borst v. Chevron Corp.*, 36 F.3d 1308 (5th Cir. 1994)................................................................28

*Brown v. De La Cruz*, 156 S.W.3d 560 (Tex. 2004)..................................................................25

*Cardona v. Life Ins. Co. of N. Am.*, No. 3:09–CV–0833–D, 2009 WL 3199217 (N.D. Tex. Oct. 7, 2009)...................................................................................................6, 7, 8, 10

*Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir. 1989) ........................................................9

*Cell Science Systems Corp. v. Louisiana Health Service Indemnity Co.*, No. 18-31034, 2020 WL 1285033 (5th Cir. Mar. 17, 2020) ........................................................................................11

*Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir. 2000)..........................................5

*Companion Prop. & Cas. Ins. Co. v. Opheim*, 2014 WL 4209586 (N.D. Tex. Aug. 26, 2014) ....22

*Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000) ........................................................22

*Dialysis Newco, Inc. v. Community Health Systems Group Health Plan, et al.,* 938 F.3d 246 (5th Cir. 2019)..........................................................................................................15, 16

*Doss v. Roberts,* 487 S.W.2d 839 (Tex. Civ. App.—Texarkana 1972, writ ref'd n.r.e.)...............22

*Ears & Hearing,P.A. v. Blue Cross and Blue Shield of Texas*, No. 1:18-cv-00726, 2019 WL 3557349 (W.D. Tex. Aug. 5, 2019)............................................................................23

*Eden Surgical Center v. Cognizant Tech. Solutions Corp.,* 720 Fed.Appx. 862 (9th Cir. 2018)..18

*Ellis v. Liberty Life Assurance Co. of Boston,* 394 F.3d 262 (5th Cir. 2004).................................9

*Emerus Hospitals v. Health Care Service Corp.*, USDC N.D. Ill, No. 1:13-cv-8906 (Doc. 581, Apr. 6, 2020) ...................................................................................................................27

*Firestone Tire Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)........21

*Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230 (4th Cir. 2008) ................................21

*Gines v. DR Hornton, Inc.,* 699 F.3d 812 (5th Cir. 2012) .............................................................5

*Great Am. Ins. Code v. Fed. Ins. Co.*, No. 3:04–CV–2267, 2006 WL 2263312 (N.D.Tex. Aug. 8, 2006)........................................................................................................................23, 27

*Griffin v. Verizon Commc'ns, Inc.*, 641 F. App'x 869 (11th Cir. 2016)........................................18

*Harris Methodist Forth Worth v. Sales Support Services Incorporated Employee Health Care Plan,* 426 F.3d 330 (5th Cir. 2005) ...............................................................................20

*Hermann Hosp. v. MEBA Med. & Benefits Plan,* 959 F.2d 569 (5th Cir. 1992)..........................12

*Hogan v. Kraft Foods*, 969 F.2d 142 (5th Cir.1992) .....................................................................8

*Hollingshead v. Aetna Health Inc.*, 2014 WL 585397 (S.D. Tex. Feb. 13, 2014).........................9

*Houston Home Dialysis, LP v. Blue Cross & Blue Shield of Tex., a Division of Health Care Serv. Corp.*, 2018 WL 2562692 (S.D. Tex. June 4, 2018) ................................................10

*Houston Methodist Hosp. v. Humana Ins. Co.*, 266 F.Supp.3d 939 (S.D. Tex. 2017) .................10

*In re 2014 Radioshack ERISA Litig.*, 165 F.Supp.3d 492 (N.D. Tex. 2016) ................................28

*In re Ciclon Negro, Inc.,* 260 B.R.832, 37 Bankr. CT. Dec (CRR) 200, 46 Collier Bankr. Cas. 2d (MB) 155 (Bankr. S.D. Tex 2001) ..............................................................................28

*Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148 (5th Cir. 2009) ..........................20

*Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1 (Tex.2007)..................................26

*Lee v. Rogers Agency*, 517 S.W.3d 137 (Tex. App. – Texarkana 2016, pet denied)....................22

*Lee v. Verizon Communications, Inc.*, 954 F.Supp.2d 486 (N.D. Tex.   2013) ...............................3

*LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc*., 298 F.3d 348 (5th Cir. 2002)...................................................................................................................15, 17, 18, 19

*Lone Star Ob. GYN Associates v. Aetna Health, Inc*., 579 F.3d 525 (5th Cir. 2009) ...............8, 10

*Martinez v. Unum Life Ins. Co. of Am.,* No. H–07–1988, 2007 WL 3342606 (S.D. Tex. Nov. 9, 2007)...................................................................................................................................8

*McSperitt v. Hartford Life Ins. Co*., 393 F.Supp.2d 418 (N.D. Tex.2005) ....................................8

*Merrick v. UnitedHealth Group, Inc.*, 175 F.Supp.3d 110 (S.D.N.Y. 2016)................................18

*Meyers v. Tex. Health Recs.,* No. 3:09–CV–1402, 2009 WL 3756323 (N.D.Tex. Nov.9, 2009)....7

*Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas, Inc.,* 16 F.Supp.3d 767 (S.D. Tex. 2014) .............................................................................................................................12

*Mission Toxicology, L.L.C. v UnitedHealthCare Ins. Co.,* No. 5:17-CV-1016-DAE, 2018 WL 2222854 (W.D. Tex. 2018). ...........................................................................................12, 21

*North Cypress Medical Center Op. Co., Ltd. v. CIGNA Healthcare* 781 F.3d 182 (5th Cir. 2015). ............................................................................................................................10, 11

*Obstetrical and Gynecological Assoc. P.A v. Hardin*, No. 01-13-00236-CV, 2013 WL 6047595, (Tex. App. – Houston [1st Dist.], Nov. 14, 2013, no pet.)....................................................28
*PPG Industries, Inc. v. JMB/Houston Center Partners Ltd.*, 146 S.W.3d 79 (Tex. 2004)............23

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ..............................................................4

*Rapid Tox Screen, LLC v. Cigna Healthcare of Texas, Inc.*, No. 3:15-cv-3632, 2017 WL 3658841 (N.D. Tex. Aug. 24, 2017) ........................................................................................23

*Scanlan v. Texas A&M University,* 343 F.3d 533 (5th Cir. 2003)..................................................5

*Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.,* 5-16-CV-01094-FB-RBF, 2018 WL 4211741 (W.D. Tex. Sept. 4, 2018) ...................................................................................................13

*Sleep Lab at W. Houston v. Tex. Children's Hosp.*, 2015 WL 3507894 (S.D. Tex. June 2, 2015) ................................................................................................................................................18

*St. Luke's Episcopal Hosp. v. Great West Life & Annuity Ins. Co.*, 38 F.Supp.2d 497 (S.D. Tex. 1999)..............................................................................................................................9

*St. Luke's Episcopal Hospital v. Acordia National,* No. H-05-1438, 2006 WL 3093132 (S.D. Tex. 2006) ...............................................................................................................11

*Stokes v. Sw. Airlines*, 887 F.3d 199 (5th Cir. 2018) ...................................................26

*Texas General Hosp., LP v. United Healthcare Services, Inc.*, U2016 WL 3541828 (N.D. Tex., Jun. 28, 2016) ...............................................................................................19

*Texas Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entmt't Co.,* 105 F.3d 210 (5th Cir. 1997) ...................................................................................................12

*Weiner v. Blue Cross & Blue Shield of Louisiana*, No. 3:17-CV-949-BN, 2018 WL 3956431 (N.D. Tex. Aug. 17, 2018) ....................................................................................17

*Windmill Wellness Ranch, LLC v. Blue Cross and Blue Shield of Texas*, USDC W.D. Tex., No. 5:19-cv-1211 (Doc. 17, filed Apr. 22, 2020)............................................................27

*Woods v. Tex. Aggregates, LLC,* 459 F.3d 600 (5th Cir. 2006)......................................6

## Statutes

28 U.S.C. §157 (e) ................................................................................................. 30

29 U.S.C. § 1132 ........................................................................... 2, 7, 8, 12, 21, 30

29 U.S.C. § 1133 ................................................................................ 3, 21, 22, 30

29 U.S.C. § 1144(a) .................................................................................... 6, 9

Fed. R. Civ. P. 12(b)(1)...........................................................................passim

Fed. R. Civ. P. 12(b)(6)...........................................................................passim

Tex. Ins.  Code § 1204.053 ................................................................ 14, 16, 17

Tex. Ins. Code § 1301.001(1-A) ............................................................ 28, 29

Tex. Ins. Code § 541 ...............................................................................passim

Tex. Ins. Code § 542 ...............................................................................passim

Tex. Ins. Code § 843.002 ............................................................................ 29

Tex. Ins. Code §1204.053 .................................................................... 16, 17

Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company, ("BCBSMS") files this Motion to Dismiss with Brief in Support pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. Pro. 12(b)(1) and (6), seeking dismissal of all of Plaintiff James W. Cunningham Chapter 7 Trustee's ("Trustee") claims.

## I.        INTRODUCTION

The Trustee purports to bring claims on behalf of Global Molecular Labs, LLC ("GML") contending that BCBSMS failed to pay (or underpaid)[1] health insurance claims submitted by GML for toxicology laboratory services.[2]  The Trustee's claims under ERISA and the Texas Insurance Code should be dismissed because the Trustee lacks standing to assert those claims.  Further, the Trustee's state law claims are preempted by ERISA.  As more fully set out herein, the Trustee's Complaint should be dismissed in its entirety.

## II.        BACKGROUND

BCBSMS administers and insures health and welfare benefit plans, the majority of which are governed by ERISA.[3]  The benefits available under BCBSMS's benefit plans differ depending on whether the provider is in-network or out-of-network.[4]

GML owned toxicology laboratories.[5]  GML was "out-of-network," lacking any contractual relationship with BCBSMS.[6]  GML purportedly received referrals from physicians for laboratory testing.[7]  GML alleges the patients for whom it provided laboratory testing assigned

---

[1] The provisions of the health benefit plans at issue determine the amount of payment or whether the claim is excluded from coverage.  Regardless, the amount of payment or coverage exclusion is not placed at issue in this Motion.

[2] *See* Complaint, ¶ 6.

[3] *Id.* at ¶ 7.

[4] *Id.* at ¶ 8.

[5] *Id.* at ¶ 6.

[6] *Id.* at ¶ 8.

[7] *Id.* at ¶ 6.

their insurance benefits to GML.[8]  GML then submitted claims to BCBSMS for the laboratory services.[9]

GML alleges that "[u]nder the terms of the typical plan" (without reference to any BCBSMS health benefit plan language), it is entitled to payment at "the usual, customary and/or reasonable charges where the 'out-of-network' facility is located."[10]

GML filed for relief under the Bankruptcy Code on December 7, 2017.  The Trustee filed this suit against BCBSMS asserting causes of action for:  (1) breach of contract (Count I, ¶¶ 14-17); (2) bad faith/deceptive insurance practices under §§ 541 and 542 of the Texas Insurance Code (Count II, ¶ 18); (3) violation of the Texas Prompt Pay Act (Count III, ¶ 19); (4) breach of plan provisions for benefits in violation of Employment Income Retirement Security Act ("ERISA") § 502(A)(1)(B) (Count IV, ¶¶ 21, 22); and (5) denial of full and fair review in violation of ERISA § 503 (Count V, ¶ 23).  BCBSMS seeks dismissal of all claims.

## III.    SUMMARY OF THE ARGUMENT

BCBSMS moves to dismiss the Trustee's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  First, the majority of the BCBSMS health benefit plans at issue are governed by ERISA;[11] therefore, the Trustee's state law claims for breach of contract (Count I), violations of §§ 541 and 542 of the Texas Insurance Code (Count II), and violations of the Texas Prompt Pay Act (Count III) are preempted.  Second, the BCBSMS health benefit plans' anti-assignment provisions preclude the Trustee from acquiring standing to sue.  Third, the Trustee's "full and fair review" claims require dismissal, as the Trustee does not have standing to

---

[8] *Id.* at ¶ 10.

[9] *Id.*

[10] *Id.* at ¶ 9.

[11] *Id.* at ¶ 7.

bring this action and the remedy for an alleged ERISA § 503 violation is remand to the plan administrator. Further, the Trustee lacks standing to pursue its Texas Insurance Code and Prompt Pay Act claims and Mississippi statutes.

## IV.   LAW AND ARGUMENT

### A.   STANDARDS FOR MOTIONS TO DISMISS

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction.[12] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[13] When a plaintiff lacks standing to bring the claims asserted, those claims should be dismissed under Rule 12(b)(1) because the court lacks subject matter jurisdiction to hear those claims.[14]

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual allegations, which if accepted as true, will state a plausible claim for relief.[15] While this pleading requirement does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[16]

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[17] "Threadbare recitals of the elements of a cause of action, supported by

---

[12] Fed. R. Civ. P. 12(b)(1); *see Lee v. Verizon Communications, Inc.*, 954 F.Supp.2d 486, 497 (N.D. Tex. 2013).

[13] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[14] *Lee,* 837 F.3d at 533.

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 67, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *American Equipment Co., Inc. v. Turner Bros. Crane and Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *3 (S.D. Tex. July 14, 2014).

[16] *Ashcroft, supra* (quoting *Bell Atl. Corp.*, 550 U.S. at 555.

[17] *Bell Atl. Corp.,* 550 U.S. at 570.

mere conclusory statements, do not suffice."[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[20] When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[21]

It is well-established that when deciding whether to grant a motion to dismiss, a district court typically does not go outside of the complaint.[22] There is a recognized exception – a district court may consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim.[23] In attaching these documents, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[24]

In the instant case, GML has referred to the patient's health benefit plans in its Complaint; the benefit plans are central to GML's claims.[25] As such, consideration of the patients' health benefit plan language, included in the Affidavit of BCBSMS representative, Wendy C. Floyd, is warranted.

---

[18] *Ashcroft,* 556 U.S. at 678.

[19] *Id.*

[20] *Id.*

[21] *Id*. at 679.

[22] *Gines v. DR Hornton, Inc.,* 699 F.3d 812, 820 (5th Cir. 2012); *see also Scanlan v. Texas A&M University,* 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).

[23] *Id.*

[24] *Collins,* 224 F.3d at 499.

[25] Complaint, ¶ 13.

### B.  THE TRUSTEE'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA.

The Trustee fails to state a claim for relief under Rule 12(b)(6) because ERISA preempts the state law claims.  The Trustee's claims under Counts I, II, and III, as they pertain to all claims covered by an ERISA plan, must be dismissed.

There are two types of ERISA preemption: "conflict" preemption and "complete" preemption.[26]  Conflict preemption derives from ERISA § 514, which provides that ERISA expressly preempts state law claims relating to a qualifying employee benefit plan.[27]  State law claims "relate to" an ERISA plan if:

> (1) [ ] the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) [ ] the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.[28]

Conflict preemption results in dismissal of the state law claims.[29]

Complete preemption derives from ERISA § 502, which contains the statute's civil enforcement provision.[30]  This section preempts all suits "brought by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[31]  "[I]f an individual ... could have brought his claim under [§ 502], and where there is no independent legal duty that is implicated by a defendant's action, then the individual's cause of action is completely pre-empted ...."[32]

---

[26] *Cardona v. Life Ins. Co. of N. Am.,* No. 3:09–CV–0833–D, 2009 WL 3199217, at *3–4 (N.D. Tex. Oct. 7, 2009).

[27] 29 U.S.C. § 1144(a).

[28] *Woods v. Tex. Aggregates, LLC,* 459 F.3d 600, 602 (5th Cir. 2006).

[29] *Cardona,* 2009 WL 3199217 at *9.

[30] 29 U.S.C. § 1132(a).

[31] *Id.* at 1132(a)(1)(B).

[32] *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

In the Fifth Circuit, breach of contract claims seeking benefits due under an ERISA-governed plan are completely preempted by ERISA.[33] Here, the Trustee's breach of contract claim is based on Defendant's alleged wrongful denial of benefits under the Plan. The Trustee's breach of contract claim is completely preempted by ERISA.

The Fifth Circuit has also held that conflict preemption results in dismissal of claims for violation of the Texas Deceptive Trade Practices Act, violation of the Texas Insurance Code, and breach of the duty of good faith and fair dealing when those claims relate to the denial of benefits under an ERISA-governed plan.[34] Here, the Trustee assert claims for violation of the Texas Insurance Code and breach of the duty of good faith and fair dealing. These claims arise from the Defendant's alleged wrongful denial of benefits under the Plan.[35] These claims are subject to conflict preemption, and therefore, the claims should be dismissed.[36]

Section 502(a) of ERISA is the exclusive mechanism for challenging claim denials under ERISA plans.[37] Any claim seeking remedies based on the alleged wrongful denial of benefits afforded by an ERISA-governed plan is preempted.[38] In addition to complete preemption, § 514(a) of ERISA provides that ERISA supersedes all state laws "insofar as they may now or hereafter relate to any employee benefits plan."[39]

---

[33] *Meyers v. Tex. Health Recs.,* No. 3:09–CV–1402, 2009 WL 3756323, at *5 (N.D.Tex. Nov.9, 2009) (citing *Ellis v. Liberty Life Ins. Co. of Am.,* 394 F.3d 262, 276 n. 34 (5th Cir.2004)).

[34] *Martinez v. Unum Life Ins. Co. of Am.,* No. H–07–1988, 2007 WL 3342606, at *3 (S.D. Tex. Nov. 9, 2007) (citing *Hogan v. Kraft Foods,* 969 F.2d 142, 144-45 (5th Cir.1992); *McSperitt v. Hartford Life Ins. Co.,* 393 F.Supp.2d 418, 426-27 (N.D. Tex.2005)).

[35] *Id.*

[36] *See Cardona,* 2009 WL 3199217, at *9.

[37] *See Lone Star OB/GYN Assoc.,* 579 F.3d 525, 528-29 (5th Cir. 2009).

[38] *Davila,* 542 U.S. at 221.

[39] 29 U.S.C. § 1144(a).

The Trustee asserts a breach of contract claim as Count I in its Complaint.[40]  It is well-settled that state law breach of contract claims are preempted by ERISA.  *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1295 (5th Cir. 1989) ("we find that the express language of § 1144(a), its legislative history, and the jurisprudence, mandate a finding that ERISA preempts Cefalu's state law cause of action for breach of contract"); *St. Luke's Episcopal Hosp. v. Great West Life & Annuity Ins. Co.*, 38 F.Supp.2d 497, 510 (S.D. Tex. 1999) ("These [breach of contract] claims are therefore preempted and recharacterized as claims under ERISA").

The Trustee also asserts claims under the Texas Insurance Code.  These claims are also completely preempted by ERISA.  *Ellis*, 394 F.3d at 274-75 ("[C]laims under Texas Insurance Code § 21.21 (now § 541.001 *et seq.*) are preempted [by ERISA.]"); *Hollingshead v. Aetna Health Inc.*, 2014 WL 585397, at \*6 (S.D. Tex. Feb. 13, 2014) (ERISA preempts claims under Texas Insurance Code Chapter 541); *Cardona,* 2009 WL 3199217, at \*8-9.

The Trustee also raises allegations that "BCBS violated Chapter 542 by failing to promptly pay the claim."[41]  The Trustee goes on to allege a right to payment "under the terms of BCBS' own plans."[42]  Accordingly, the Trustee's allegations concern the right to payment rather than the amount (i.e. rate) of payment,[43] and those claims are preempted by ERISA.[44]  These claims arise

---

[40] See e.g. Complaint, ¶ 14 ("health plans and policies issued by the Defendant were intended to pay healthcare providers such as GML their 'usual, customary and reasonable rates' for services").

[41] Complaint, ¶ 7.

[42] *Id.*

[43] *See* n. 1, *supra.*

[44] *Houston Methodist Hosp. v. Humana Ins. Co.*, 266 F.Supp.3d 939 (S.D. Tex. 2017) (ERISA preempts PPA claims with respect to ERISA-governed plans); *Houston Home Dialysis, LP v. Blue Cross & Blue Shield of Tex., a Division of Health Care Serv. Corp.*, 2018 WL 2562692, at \*9 (S.D. Tex. June 4, 2018) (same).

from Defendant's alleged wrongful denial of benefits under the benefit plans and are subject to conflict preemption.[45]  Therefore, the claims should be dismissed.

Further, the Trustee's claims under the Texas Prompt Pay Act ("PPA") in Count III are similarly preempted.  In *Lone Star OB/GYN Associates v. Aetna Health, Inc.*,[46] the U.S. Fifth Circuit held that PPA claims concerning the *amount* of payment are not preempted, but it clarified in *North Cypress Medical Center Op. Co., Ltd. v. CIGNA Healthcare*[47] that claims concerning the *right* to payment, as determined by the plan terms, are preempted.[48]

For the foregoing reasons, the Trustee's breach of contract, bad faith/deceptive insurance practices, and violations of the Texas Prompt Payment Act are preempted and must be dismissed, as applied to all ERISA plans.

### C.  PLAINTIFF'S CLAIMS ARE BARRED.

The Trustee's claims should be dismissed under both Rule 12(b)(1) and Rule 12(b)(6).  A "factual," evidence-based challenge to standing grounded in the assertion of anti-assignment provisions contained in an ERISA health benefits plan is appropriate in a 12(b)(1) motion to dismiss.[49]

---

[45] *See Cardona,* 2009 WL 3199217, at *9.

[46] *Lone Star Ob. GYN Associates*, 579 F.3d at 532.

[47] *North Cypress Medical Center Op. Co., Ltd. v. CIGNA Healthcare* 781 F.3d 182, 201 (5th Cir. 2015).

[48] *See also St. Luke's Episcopal Hospital v. Acordia National,* No. H-05-1438, 2006 WL 3093132 at *14-15 (S.D. Tex. 2006) (holding that PPA was *completely preempted* by ERISA when the issue is right to payment, which depends on plan terms).

[49] *Cell Science Systems Corp. v. Louisiana Health Service Indemnity Co.*, No. 18-31034, 2020 WL 1285033, *4 (5th Cir. Mar. 17, 2020) (affirming dismissal of out-of-network provider's claims that did not competently prove the existence of valid assignments in response to motion to dismiss for lack of jurisdiction).

    1.    *The Trustee lacks standing to sue under ERISA because he has not pled that GML obtained valid assignments of benefits.*

ERISA § 502(a) provides that only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor may bring a civil enforcement action thereunder.[50]  Therefore, healthcare providers, like GML, generally lack standing to sue under ERISA.  The Fifth Circuit has recognized a narrow exception to the foregoing rule.  Under this exception, a provider who receives a valid assignment of benefits from a plan participant or beneficiary may, under certain circumstances, obtain derivative standing to sue for those benefits.[51]

The most important consideration is that the rights the provider obtains are limited to those expressly set forth in the assignment.[52]  Thus, an assignment of benefits only confers the rights expressly granted therein, and the assignment of the right to receive benefits alone does not confer upon a provider all other rights a plan participant or beneficiary may have under ERISA.[53]

Further, a provider relying on an assignment of benefits to sue under ERISA must allege facts to demonstrate that the provider actually received assignments from each patient for whom the provider submitted a claim for reimbursement that is at issue in the lawsuit.  An allegation that it is the provider's practice to obtain assignments from all patients is not enough.[54]

Here, the Trustee lacks standing to pursue the claims asserted under ERISA.  the Trustee is not a plan participant, beneficiary, fiduciary, or the Secretary of Labor.  Therefore, the Trustee

---

[50] 29 U.S.C. § 1132(a).

[51] *Hermann Hosp. v. MEBA Med. & Benefits Plan,* 959 F.2d 569, 576 (5th Cir. 1992), *overruled on other grounds by Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.,* 698 F.3d 229 (5th Cir. 2012).

[52] *See, e.g., Texas Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entmt't Co.,* 105 F.3d 210, 218 (5th Cir. 1997).

[53] *See id.* at 218-219; *Hermann Hosp.,* 959 F.2d at 576; *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas, Inc.,* 16 F.Supp.3d 767, 775 (S.D. Tex. 2014); *Mission Toxicology, L.L.C. v. UnitedHealthcare Ins. Co.,* 5:17-CV-1016-DAE, 2018 WL 2222854, at *5 (W.D. Tex. Apr. 20, 2018).

[54] *See Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.,* 5-16-CV-01094-FB-RBF, 2018 WL 4211741, at *3 (W.D. Tex. Sept. 4, 2018).

must allege that GML actually obtained a valid assignment from each patient of each physician who submitted a referral to GML to establish standing to sue under ERISA. The Complaint is devoid of any such factual allegations. The Trustee merely alleges in Paragraph 10 of the Complaint that "the patient then executes the requisite form and expressly assigns its insurance benefits to GML."[55] The Complaint does not provide any other detail on the assignment or process to obtain. The Complaint does not attach a copy of any assignment, nor does it cite the language of any assignment. Further, the Complaint does not allege that every patient actually executed the identical assignment of benefits to GML. For this reason, the Trustee's ERISA claims should be dismissed.

> 2. *The anti-assignment provisions in the BCBSMS plans preclude the Trustee from having the requisite standing to pursue the ERISA claims.*

Pointedly, § 1204.053 of the Texas Insurance Code does not apply by its own terms to the Trustee's claims herein. The statute says that "[a]n insurer may not deliver, renew, or issue for delivery *in this state* a health insurance policy that prohibits or restricts a covered person from making a written assignment of benefits to a physician or other health care provider who provides health care services to the person."[56] The BCBSMS plans at issue were issued, delivered, and renewed in Mississippi – not Texas – and therefore the statute does not apply by its own terms.

Moreover, even if GML had obtained assignments from every patient on whose behalf the Trustee sues, GML does not have standing to bring ERISA claims against BCBSMS because the health benefit plans, which govern the rights and benefits available to the plan members, expressly preclude assignment of those rights and benefits. Attached hereto as Exhibit A is the Affidavit of Wendy C. Floyd, a BCBSMS representative, which authenticates the pertinent provisions of the

---

[55] Complaint, ¶ 10.
[56] Tex. Ins. Code § 1204.053 (emphasis added).

health benefit plans for the majority of the BCBSMS members for whom GML purports to assert a claim. The health benefit plans expressly preclude assignment of the participant's rights and benefits under the respective plans.[57] The majority of the BCBSMS benefit plans at issue herein include an anti-assignment provision substantially similar to the following:

> All Benefits payable by Company under this Benefit Plan and any amendment hereto are personal to the Member and are not assignable in whole or in part by the Member, but Company has the right to make payment to a Hospital, Physician, or other Provider (instead of to the Member) for Covered Services which they provide while 1) there is in effect between Company and any such Hospital, Physician, or other Provider an agreement calling for Company to make payment directly to them; or 2) the Member provides written direction that Benefits for Covered Services are to be paid directly to a Non-Network Provider located within the State of Mississippi. In the absence of such an agreement for direct payment or Member's written direction of payment to a Non-Network Provider located within Mississippi, Company will pay to the Member and only the Member those Benefits called for herein and Company will not recognize a Member's attempted assignment to, or direction to pay, another.[58]

As the language makes clear, the plan members cannot assign their rights and benefits to GML. GML does not have valid assignments and, therefore, it has no standing to seek benefits or any other rights conferred on the patients by virtue of their being members of a health benefit plan.

The BCBSMS health benefit plans at issue contain valid and enforceable anti-assignment provisions that preclude any assignment of patients' rights to GML. The Fifth Circuit recently held that an unambiguous anti-assignment provision in an ERISA plan prohibiting an insured from assigning his or her rights to benefits is enforceable regardless of state statutes that restrict the practice.[59] The Fifth Circuit held that a Tennessee statute that prohibited anti-assignment

---

[57] While some of the individuals for whom GML purports to assert a claim were individual policyholders and not members of ERISA plans, the anti-assignment language in the policy is enforceable under principles of contract law. GML has not alleged any viable cause of action with respect to individual policies, but even if it had, the policies preclude assignment of any of the policyholder's rights or benefits.

[58] Exhibit A, Affidavit of Wendy C. Floyd.

[59] *Dialysis Newco, Inc. v. Community Health Systems Group Health Plan, et al.,* 938 F.3d 246, 253-254, 256 (5th Cir. 2019); *see also LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.,*

provisions was invalid as it related to ERISA-regulated plans because the statute was preempted by ERISA.[60] The Trustee herein relies on § 1204.053 of the Texas Insurance Code in an attempt to invalidate BCBSMS's anti-assignment provisions.[61] Consistent with *Dialysis Newco,* the anti-assignment language of § 1204.053 is preempted by ERISA with respect to each ERISA-regulated plan, and the statute is therefore ineffective to override the anti-assignment provisions contained in the BCBSMS plans. These anti-assignment provisions preclude members from transferring their rights to benefits to GML.[62]

Further, the anti-assignment provision in the BCBSMS plans are substantially similar to one enforced by this Judicial District that stated "[t]he Member's rights and Benefits payable under this Benefit Plan are personal to the Member and may not be assigned in whole or in part by the Member."[63]

Regardless of whether the Trustee can produce assignments for all claims, the at-issue health benefit plans contain clear anti-assignment provisions that invalidate the alleged assignment on which the Trustee relies to assert his claims. Accordingly, this Court should dismiss the Trustee's claims related to the ERISA plans for lack of standing.

---

298 F.3d 348, 353 (5th Cir. 2002) ("[b]ecause the provider had neither direct nor derivative standing to bring this suit, the district court lacked jurisdiction to hear it").

[60] *Dialysis Newco*, 938 F.3d at 252-253.

[61] Complaint, ¶ 13.

[62] Section 1204.053 of the Texas Insurance Code purports to prohibit the issuance of a health insurance policy that "restricts a covered person from making a written assignment of benefits to a physician or other health care provider who provides health care services to the person." Tex. Ins. Code § 1204.053(a). However, the section states that it does not: "(1) provide a coverage or benefit that is not otherwise available under the health insurance policy" or "(2) allow assignment of a benefit to: (A) a person who is not legally entitled to receive such a direct payment; or (B) another person if, under the health insurance policy or plan, the benefit must be provided to the covered person by a physician or other health care provider who is a contractor or preferred provider under the policy".... Tex. Ins. Code § 1204.053(b)(1)(2). The benefits could not be assigned to GML, an out-of-network provider, due to the BCBSMS anti-assignment provisions, which prohibited such assignments to GML.

[63] See *Weiner v. Blue Cross & Blue Shield of Louisiana*, No. 3:17-CV-949-BN, 2018 WL 3956431, at *1 (N.D. Tex. Aug. 17, 2018).

3.     *Plaintiff's Allegations of Waiver Do Not Save Their Claims.*

Recognizing that anti-assignment provisions defeat their claims, the Trustee alleges that "to the extent that any of BCBS' plans or policies contains a prohibition on the assignment of benefits to GML, or similarly situated healthcare providers, BCBS waived any such limitations by regularly and routinely accepting such assignments."[64] However, this conclusory allegation of waiver by BCBS does not save Plaintiff's claims from dismissal.

Mere payment of claims to a provider by an ERISA plan cannot constitute waiver of an anti-assignment provision.[65] In *LeTourneau,* the Fifth Circuit found that the defendant's payment to the provider and failure to argue that "its anti-assignment provisions trump[ed]" the patient's authorization for the plan to pay the provider did not contravene "the conclusion that any purported assignment of benefits from [ the patient] to [ the provider-plaintiff] would be void.[66]

Further, case law rejects the claim that an ERISA anti-assignment provisions are waived based on pre-litigation silence concerning the anti-assignment provisions in response to plan appeals.[67] The Trustee's allegations are directly in line with the facts at issue in *LeTourneau* and are insufficient to show that BCBSMS waived its anti-assignment provisions. [68]

---

[64] Complaint, ¶ 13.

[65] *LeTourneau*, 298 F.3d at 352.

[66] *Id.*

[67] *Eden Surgical Center v. Cognizant Tech. Solutions Corp.,* 720 Fed. App'x 862, 863 (9th Cir. 2018).

[68] *LeTourneau,* 298 F.3d at 352-53; *see also Sleep Lab at W. Houston v. Tex. Children's Hosp.*, 2015 WL 3507894, at *6 (S.D. Tex. June 2, 2015) (dismissing ERISA claim under Rule 12(b)(1) because the relevant plan "contains an anti-assignment provision, and because the allegations of fact contained in Plaintiff's Complaint are not sufficient to establish that [Defendant] has waived or is estopped from relying on the Plan's anti-assignment provision due to the parties' course of conduct"); *American Orthopedic & Sports Medicine v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 454 (3rd Cir. 2018) (allegations that a defendant engaged in "routine processing" of claims forms and made "payment at the out-of-network rate" do not show that the defendant intended to waive "an objection to a provider's standing in a federal lawsuit."); *accord. Griffin v. Verizon Commc'ns, Inc.*, 641 F. App'x 869, 873–74 (11th Cir. 2016) (rejecting waiver and estoppel arguments as to the enforceability of anti-assignment clause notwithstanding Defendant's payment to provider); *Merrick v. UnitedHealth Group, Inc.*, 175 F.Supp.3d 110, 121 (S.D.N.Y. 2016) ("[I]t is entirely routine for a health insurance company to pay a healthcare provider directly for

---

4.    *Should any claims survive the anti-assignment provisions, the Trustee should be required to allege whether the assignments contain non-benefit claims.*

BCBSMS challenges the Trustee's standing to assert non-benefit claims. The Trustee alleges that "GML submitted insurance claims with the assignment of benefits to BCBS on behalf of the patients."[69] With respect to the bad faith/deceptive insurance practices claims, the Trustee alleges conclusively that "GML is an assignee of the rights under such plans and policies."[70] These vague allegations are silent about the substance of the assignments and are insufficient to establish standing.[71]

To establish standing, the Trustee must be able to show that the particular claim asserted has been expressly assigned.[72] The Trustee has failed to make any such showing in this matter.

Because the health benefit plans contain anti-assignment provisions and because the allegations of fact contained in the Trustee's Complaint are not sufficient to establish that BCBSMS has waived or is estopped from relying on the anti-assignment provision due to the parties' course of conduct, Plaintiff's Complaint is subject to dismissal under Rule 12(b)(1) for failure to allege facts sufficient to establish standing.[73]

---

services rendered under [a] plan … [so] Plaintiffs have not sufficiently alleged that [Defendant] should be estopped from relying on [its] anti-assignment provision to void Plaintiffs' assignments, and thus their standing.").

[69] Complaint, ¶ 11.

[70] *Id.* at ¶ 18.

[71] *Texas General Hosp., LP v. United Healthcare Services, Inc.*, 2016 WL 3541828, *8 (N.D. Tex., Jun. 28, 2016) ("Numerous courts have addressed the question of whether assignments of ERISA benefits claims assign non-benefits claims. The vast majority have rejected the contention that they do.").

[72] *Id.* at 7.

[73] *See LeTourneau,* 298 F.3d at 352 (rejecting the contention that all anti-assignment clauses are *per se* invalid *vis-à-vis* providers of health care services, and recognizing that ERISA allows the assignment of health care benefits but that validity of assignment depends on a construction of the plan at issue applying universally recognized canons of contract interpretation); *see also Harris Methodist Forth Worth v. Sales Support Services Incorporated Employee Health Care Plan,* 426 F.3d 330, 336 n. 4 (5th Cir. 2005) (recognizing that "a plan can bar assignments in some situations").

The Complaint should be dismissed with prejudice in its entirety for lack of subject matter jurisdiction pursuant to Rule (12)(b)(1) because the assignment of benefits under which the Trustee sues is void due to the presence of an anti-assignment clause in the health benefit plans at issue. Alternatively, the Trustee's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(1) because the assignment under which the Trustee sues is insufficient to assign a beneficiary's right to assert claims other than for recovery of ERISA benefits.

### D. THE TRUSTEE'S "FULL AND FAIR REVIEW" CLAIMS ARE IMPROPER.

The Trustee fails to state a claim for relief under Rule 12(b)(6) as the relief sought under ERISA § 503 is unavailable as a matter of law. As more fully argued above, even if there were a valid assignment of plan benefits to GML, the Trustee does not allege that the patients assigned any rights under ERISA other than a right to pursue plan benefits under ERISA § 502(A)(1)(B).[74] Specifically, there is no allegation that any of the patients assigned GML the right to assert a claim under § 503 of ERISA. Therefore, GML lacks standing to assert claims under § 503 of ERISA.

Further, the Trustee's requested remedy is invalid as the proper remedy for a violation of ERISA § 503 is remand to the plan administrator.[75] The Trustee seeks as a remedy for its ERISA § 503 claim a determination that "Defendant's benefits determinations, claim denials and claims underpayments are invalid and unenforceable and are arbitrary and capricious" and that "all administrative remedies are either excused or should be deemed exhausted," but this remedy is

---

[74] Complaint, ¶ 10.

[75] *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 157 (5th Cir. 2009) ("Remand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA"); *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 238 (4th Cir. 2008) ("a substantive remedy is inappropriate for a procedural ERISA violation and the correct remedy is a remand to the plan administrator for a "full and fair review.").

inappropriate on its face.[76]  The Trustee's request for an extra-contractual remedy is not available

under § 503.  The Trustee's § 503 claim should therefore be dismissed.

E.    **THE TRUSTEE LACKS STANDING TO PURSUE BAD FAITH/DECEPTIVE INSURANCE PRACTICES AND VIOLATION OF THE TEXAS PROMPT PAYMENT ACT.**

In addition to the claims under ERISA, the Trustee purports to assert claims under Chapters

541 and 542 of the Texas Insurance Code.  There is no dispute that GML was not in privity of

contract with BCBSMS and was not a named insured under any of the benefit plans under which

the Trustee seeks benefits.  As such, GML is a third-party claimant under Chapters 541 and 542

of the Texas Insurance Code.[77]

GML's status as a third-party claimant precludes the Trustee (standing in the shoes of

GML) from asserting claims on behalf of GML under the Texas Insurance Code and the claims

should be dismissed.

1.    *GML lacks standing to pursue claims under § 541 (Unfair Settlement Practices) and § 542 (Prompt Pay).*

The ordinary rule is that "a policy of insurance constitutes a personal contract between the

company and the insured, and a stranger to such policy may not ordinarily sue thereon and is not

entitled to a share of the proceeds where the terms of the policy limit liability to the interest of the

insured."[78]  It is well-settled in Texas that third-party providers, like GML, "lack standing to sue

insurers for unfair claim settlement practices under the [Texas Insurance Code] due to the Texas

Supreme Court's concern about creating conflicting duties for insurance companies between

---

[76] *Firestone Tire Rubber Co. v. Bruch*, 489 U.S. 101, 113, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) ("ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits").

[77] *Mission Toxicology, L.L.C. v UnitedHealthCare Ins. Co.*, No. 5:17-CV-1016-DAE, 2018 WL 2222854 at *9 (W.D. Tex. 2018).

[78] *Doss v. Roberts*, 487 S.W.2d 839, 841 (Tex. Civ. App.—Texarkana 1972, writ ref'd n.r.e.).

insureds and third parties."[79] Prevailing jurisprudence holds that unfair settlement practices claims are not assignable.[80] Therefore, GML could not acquire standing as assignee of the members' health benefit plans, which in turn, precludes any assignment to the Trustee.[81] Accordingly, the Trustee's claims under § 541.003 should be dismissed for lack of standing.

The statutory language further supports that unfair settlement claims settlement practices are not assignable. Section 541.060 provides that "it is an unfair method of competition … to engage in the following unfair settlement practices with respect to a claim *by an insured or beneficiary*."[82]

Even if the Trustee had standing to assert a claim under § 541.003, the Trustee failed to allege sufficient facts to survive a Rule 12(b)(6) motion to dismiss. Section 541.003 of the Texas Insurance Code provides that "a person may not engage in this state in a trade practice that is

---

[79] *Companion Prop. & Cas. Ins. Co. v. Opheim*, 2014 WL 4209586, at *2 (N.D. Tex. Aug. 26, 2014) (dismissing claims brought by third party under Chapter 541 of Texas Insurance Code) (*citing Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 384 (Tex. 2000)); *Lee v. Rogers Agency*, 517 S.W.3d 137, 146 n.3 (Tex. App. – Texarkana 2016, pet denied) ("Although the [Texas] Supreme Court has not addressed whether Insurance Code Claims are assignable, three federal district courts applying Texas law have ruled that they are not … and we agree with the reasoning in those cases.").

[80] See *Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, 2011 WL 9879170, at *8 (W.D. Tex. Apr. 27, 2011) (holding that "claims under Texas Insurance Code Chapter 541 may not be assigned" and extending *PPG Industries, Inc. v. JMB/Houston Center Partners Ltd.*, 146 S.W.3d 79, 82 (Tex. 2004) to claims under the Texas insurance Code), *rev'd on other grounds*, 690 F.3d 342 (5th Cir. 2012); *American Southern Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 626 (E.D. Tex. 2010) ("[S]tatutory remedies under the Texas Insurance Code are personal and punitive and the Insurance Code makes no provision for assignability"); *Great Am. Ins. Co. v. Fed. Ins. Co.*, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8, 2006) (granting summary judgment in defendant's favor because "the Insurance Code makes no provision for assignability"). *See also*, *Ears & Hearing, P.A. v. Blue Cross and Blue Shield of Texas*, No. 1:18-cv-00726, 2019 WL 3557349, * 6 (W.D. Tex. Aug. 5, 2019) (holding that provider assignee did not have standing as a consumer for purposes of the DTPA). *Cf. Rapid Tox Screen, LLC v. Cigna Healthcare of Texas, Inc.*, No. 3:15-cv-3632, 2017 WL 3658841 (N.D. Tex. Aug. 24, 2017) (did not involve a challenge to the assignability of a Chapter 541 claim predicated on those claims being personal and not subject to assignment).

[81] *See Berkley Regional Ins. Co.*, 2011 WL 9879170, at *8 ("claims under Texas Insurance Code Chapter 541 may not be assigned"), *rev'd on other grounds*; *Great Am. Ins. Co.*, 2006 WL 2263312, at *10 (granting summary judgment in defendant's favor because "the Insurance Code makes no provision for assignability").

[82] Tex. Ins. Code Ann. § 541.060(a) (emphasis added).

---

defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."[83]  The Trustee contends that BCBSMS "breached its duty of good faith and fair dealing by failing to promptly pay for the services provided by GML to BCBS members" and in insisting upon unnecessary and unreasonable documentation."[84]  The Trustee does not – and cannot – plausibly allege that this conduct occurred in Texas, as defendant is located entirely in Mississippi.  Accordingly, the Trustee does not state a plausible claim for a violation of § 541, and those claims should be dismissed pursuant to Rule 12(b)(6).

2.      *The Trustee does not have a private right of action under § 542.*

The Trustee alleges that BCBSMS "breached its duty of good faith and fair dealing by failing to promptly pay for the services provided by GML to BCBS' members" in "violation of the Tex. Ins. Code § 542.003 and […] § 541.054 of the Tex. Ins. Code."[85]  However, § 542 of the Texas Insurance Code does not provide a private cause of action.[86]  This Court has agreed with this pronouncement and dismissed § 542.003 claims previously.[87, 88]

---

[83] Tex. Ins. Code § 541.003.

[84] Complaint, ¶ 18.  Plaintiff provides no facts or information as to what request for documentation was unreasonable or why it was unreasonable, which is a conclusory statement that is insufficient under Rule 8(a).

[85] *Id.*

[86] *Ears & Hearing, P.A.,* 2019 WL 3557349 at * 8 ("Texas Insurance Code sections 542.003 … do not explicitly provide for a cause of action, nor does the language of these sections suggest a clear intent to create one").

[87] *See* this Court's April 10, 2020 Order pertaining to Adversary Proceeding Nos. 19-3166, 19-3159, 19-3181, and 19-3158.

[88] Apr. 10, 2020 Findings of Fact and Conclusions of Law, USBC N.D. Texas, Adversary Proceeding Nos. 19-3186, 19-3159, 19-3181, and 19-3158 (Apr. 10, 2020).

Under Texas law, a statute creates a private cause of action "only when a legislative intent to do so appears in the statute as written."[89]   The requisite legislative intent must be "clearly expressed from the [statutory] language as written.[90]  If a statute does not clearly provide a private cause of action, one cannot be created by legislative mandate.[91]   Section 542 is devoid of any penalty or remedy, and it is devoid of any statutory language evidencing an intent to create a private cause of action.  Thus, there is no private cause of action for the Trustee to assert.[92]

> 3.   *The Trustee does not have a right of action under the Prompt Payment Act.*

The PPA does not apply to the facts alleged; therefore, the Trustee does not have a right of action.  Statutory remedies under the Texas Insurance Code are personal and punitive in nature.[93] The Texas Insurance Code makes no provision for assignability.[94]

Additionally, the PPA does not apply to an out-of-network provider like GML.[95]  Chapter 542.051(2) states a "claim" within the meaning of Chapter 542 governing prompt payment of claims is defined as a "first party claim."  The Legislature specifically added language limiting the statute's coverage to "first party claims" in response to objections that it could be interpreted to apply to third-party claims and the duty to defend.[96]  Additionally, statutory remedies under the

---

[89] *Apollo Medflight, LLC v. Bluecross Blueshield of Texas*, No. 2:18-CV-166-Z-BR, 2019 WL 4894263, at *1 (N.D. Tex. Oct. 4, 2019) (Amarillo Div.) (*quoting Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004)).

[90] *Id.*

[91] *Stokes v. Sw. Airlines*, 887 F.3d 199, 201 (5th Cir. 2018).

[92] *See Apollo*, 2019 WL 4894263 at *1 (granting motion to dismiss § 541 claims and emergency care claims because statutes did not clearly express an intent to create private right of action).

[93] *American Southern Ins. Co. v. Buckley*, 748 F.Supp.2d 610 at 626 (E.D. Tex. 2010).  The Trustee's identical claims under the Texas Prompt Payment Act were dismissed with prejudice in related proceedings. *See,* Apr. 10, 2020 Findings of Fact and Conclusions of Law, USBC N.D. Texas, Adversary Proceeding Nos. 19-3186, 19-3159, 19-3181, and 19-3158 (Apr. 10, 2020).

[94] *Id.*

[95] Complaint, ¶ 8 ("GML acted as an 'out-of-network' facility").

[96] *See Lamar Homes, Inc. v. Mid–Continent Cas. Co.,* 242 S.W.3d 1, 25 (Tex.2007) (Brister, J., dissenting).

Texas Insurance Code are personal and punitive in nature and the Insurance Code makes no provision for assignability.[97]

Further, "[u]nder the plain wording of the statute, there is simply no method to calculate the penalty to be paid to out-of-network providers" and "[c]onsequently, … penalties under the TPPA are not available to out-of-network providers."[98] An out-of-network provider such as GML can recover under the PPA only under limited circumstances – emergencies and services not reasonably available from a preferred provider.[99]

GML did not provide emergency services; instead, GML provided toxicological laboratory services.[100] GML did not provide services at the request of BCBSMS because the services were not reasonably available from a preferred provider.[101] The Trustee's PPA allegations simply fail to state a claim and should therefore be dismissed pursuant to Rule 12(b)(6).

Moreover, the Trustee fails to plausibly allege that GML qualified as a "provider" entitled to bring a claim under the PPA. Under the PPA, a healthcare "provider" must be a person or entity that "furnishes health care services and that is licensed or otherwise authorized to practice in this

---

[97] *See Great Am. Ins. Code,* 2006 WL 2263312 at *10.

[98] *Emerus Hospitals v. Health Care Service Corp.*, USDC N.D. Ill, No. 1:13-cv-8906, * 8-9 (Doc. 581, Apr. 6, 2020), Appendix, p. 541; Accord, *Windmill Wellness Ranch, LLC v. Blue Cross and Blue Shield of Texas*, USDC W.D. Tex., No. 5:19-cv-1211, p. 25 (Doc. 17, filed Apr. 22, 2020) ("Windmill is an out-of-network provider, and, thus, its request for relief under the TPPA is improper to the extent it seeks penalty payments from BCBS pursuant to § 1301.137").

[99] Tex. Ins. Code § 1301.069.

[100] Complaint, ¶ 6 (GML provided clinical and toxicological laboratory services).

[101] *Id.* (Services were provided on referral from patient's physician).

state" other than a physician.[102]  The Trustee's PPA claim should be dismissed because the underlying debtor never had a right to PPA penalties.[103]

## V.  NO RIGHT TO JURY TRIAL

In its Complaint, GML demanded a jury trial.[104]  However, the Fifth Circuit, like the majority of other circuit courts, has held that ERISA claims are "inherently equitable in nature" and do not entitle a plaintiff to a jury trial.[105]  Moreover, BCBSMS does not consent to a jury trial in this bankruptcy court.[106]

## VI.  CONCLUSION AND PRAYER FOR RELIEF

BCBSMS respectfully requests that the Court dismiss Plaintiff's claims for: (1) breach of contract; (2) bad faith/deceptive insurance practices under §§ 541 and 542 of the Texas Insurance Code; (3) violations of the Texas Prompt Pay Act; (4) breach of plan provisions for benefits in violation ERISA, § 502(A)(1)(B); and (5) denial of a full and fair review in violation of ERISA § 503, and grant any other relief to which BCBS is justly entitled.

---

[102] *See* Tex. Ins. Code § 1301.001(1-A), § 843.002(24).  *See also Obstetrical and Gynecological Assoc. P.A v. Hardin*, No. 01-13-00236-CV, 2013 WL 6047595, at *3 (Tex. App. – Houston [1st Dist.], Nov. 14, 2013, no pet.) (fertility laboratory unable to show it was healthcare provider because no showing it was licensed, certified, registered or chartered by State of Texas to provide healthcare).

[103] BCBSMS further denies the PPA can be applied to BCBSMS, as the PPA only applies to "insurers," who are defined to be only those entities authorized to issue insurance policies "in this state," meaning Texas.  Tex. Ins. Code § 1301.001(5).

[104] Complaint, ¶ 26.

[105] *See Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *see also In re 2014 Radioshack ERISA Litig.*, 165 F.Supp.3d 492, 506 (N.D. Tex. 2016) ("There is no right to a jury trial under ERISA").

[106] 28 U.S.C. §157 (e); *In re Ciclon Negro, Inc.,* 260 B.R.832, 37 Bankr. CT. Dec (CRR) 200, 46 Collier Bankr. Cas. 2d (MB) 155 (Bankr. S.D. Tex 2001) (absent consent, the bankruptcy court may not conduct a jury trial).

Respectfully submitted,

THE HERMAN LAW FIRM

By: */s/ Jonathan M. Herman*
     Jonathan M. Herman (TX Bar No. 24052690)
     1601 Elm Street, Suite 2002
     Thanksgiving Tower
     Dallas, Texas 75201
     Telephone: (214) 624-9805
     Facsimile: (469) 383-3469
     jherman@herman-lawfirm.com

     ATTORNEY FOR DEFENDANT BLUE CROSS &
     BLUE SHIELD OF MISSISSIPPI

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the below parties through the Court's electronic notification system as permitted by Local Bankruptcy Rule 7005-1, adopting Federal Rule of Civil Procedure 5(b)(2)(E), this 1st day of June 2020.

*/s/ Jonathan M. Herman*
Jonathan M. Herman